Exhibit A

COHELAN KHOURY & SINGER
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Kristina De La Rosa (SBN 279821)
kdelarosa@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone:   (619) 595-3001
Facsimile:   (619) 595-3000

Attorneys for Plaintiff Richard Snow

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP  7 2018

BY
JASMIN CASILLAS, DEPUTY

COPY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN BERNARDINO

| | |
|---|---|
| RICHARD SNOW, individually and on behalf of others similarly-situated and aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana Corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.   CIVDS1823509<br><br>CLASS ACTION and REPRESENTATIVE ACTION COMPLAINT PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") FOR:<br><br>(1) Failure to Pay Minimum Wages for All Hours Worked in Violation of Cal. Labor Code §§ 226.2 and 1194.2;<br><br>(2) Failure to Provide Off-Duty, Paid Rest Periods or a "Premium Wage" in Lieu Thereof in Violation of Cal. Labor Code § 226.7 and IW Wage Order 9, § 12;<br><br>(3) Failure to Timely Pay Final Wages to Terminated or Separated Employees in Violation of Cal. Labor Code § 203;<br><br>(4) Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code §§ 226(a)-(e);<br><br>(5) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.;<br><br>(6) Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code §§ 223, 1197, and 1194 for Failure to Pay all "Hours Worked"; |

Class and Representative Action Complaint

Exhibit A

Exhibit A

(7) Civil Penalties Pursuant to the PAGA based on Violations of the Applicable IWC Wage Orders as Permitted by Labor Code § 558(a)

(8) Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code § 226.3 for Non-compliant Wage Statements;

(9)    Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code § 210 for Untimely Payment of Wages;

**DEMAND FOR JURY TRIAL**

COBELLAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class and Representative Action Complaint

Exhibit A

Exhibit A

Plaintiff RICHARD SNOW (referred to herein as "Plaintiff" or "SNOW"), on behalf of himself and all others similarly situated and as a Representative on behalf of the California Labor and Workforce Development Agency and current and former employees pursuant the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2698, *et seq.*, complains and alleges as follows:

### INTRODUCTION & GENERAL ALLEGATIONS

1. Plaintiff brings this action against his former employer, WATKINS AND SHEPARD TRUCKING, INC. and DOES 1 through 10 (collectively referred to herein as "Defendants"), for California Labor Code violations stemming from Defendants' failure to pay minimum wages for all hours worked, failure to provide mandated paid rest periods or to pay additional wages in lieu thereof, failure to timely pay final wages upon separation of employment, and failure to provide complete, accurate itemized wage statements. Plaintiff also seeks civil penalties as against the Defendants pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2699, *et seq.*, and underpayment of wages as a civil penalty pursuant to Labor Code section 558(a) for violations of the applicable Industrial Welfare Commission Wage Order, 9-2002.

2. Plaintiff brings this class action on behalf of himself and all other aggrieved and similarly-situated current and former drivers of Defendants who worked in California at any time within the Relevant Time Period, as defined below, and who are/were compensated on a piece-rate or per-mile basis for at least part of their compensation for work performed in California (hereinafter, the "Represented Employees").

3. At all relevant times, Plaintiff and other Represented Employees are/were responsible for providing deliveries for Defendants' clients within the State of California, as well as throughout various other states.

4. Plaintiff and Represented Employees seek to recover damages, liquidated damages, interest, penalties, costs of suit, and attorneys' fees resulting from Defendants' failure to pay minimum wages for all hours worked, failure to provide mandated paid rest periods, failure to provide rest period premium wages, failure to provide wages timely during

COBISLAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1

Exhibit A

Exhibit A

employment, failure to timely pay final wages upon separation of employment, failure to provide complete, accurate itemized wage statements, and injunctive relief against Defendants' unfair business practices related thereto.

5. The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

6. After initial investigation, Plaintiff alleges that Defendants paid drivers by mileage and did not pay for all hours worked, including times spent during pre- and post-trip inspection work duties and waiting time subject to employer control, and other non-driving time performing work duties in violation of California law. See, *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (employer does not satisfy minimum wage obligations under Wage Orders by averaging "flag-rate" (piece-rate) pay to auto mechanics, which would constitute illegal wage deduction and forfeiture under Labor Code sections 221 and 223; employees entitled to separate hourly compensation for time spent waiting for repair work or performing other non-repair tasks directed by employer during their shifts).

7. Defendants paid Plaintiff and Represented Employees based on a piece-rate formula that consisted of a "per mile" amount for each mile driven as well as a flat rate for pre- and post-trip inspections. These payments did not sufficiently compensate Plaintiff and other Represented Employees for all hours worked, including all non-driving time.

8. In addition to driving, Plaintiff and Represented Employees' duties included: cleaning, fueling, check in and check out, loading and unloading trailers, collecting payment from customers, and moving product for customers, adjusting equipment, checking brakes and checking trailers, securing loads, reporting any accidents and/or claims. Defendants did not provide sufficient pay equal to at least minimum wage for all these additional hours worked.

9. Further, Plaintiff alleges that the employer did not separately pay for compliant 10-minute rest periods in violation of California law. See, *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864 (task-based or piece-rate compensation formula that does not compensate

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

2

Class and Representative Action Complaint

Exhibit A

Exhibit A

separately for rest periods does not comply with California minimum wage laws).

10.    On information and belief, the employer in this case did not timely comply with Labor Code section 226.2. Labor Code section 226.2 provides employers an affirmative defense against any claims for recovery of wages, liquidated damages, civil penalties, statutory penalties, or premium pay under Labor Code section 226.7 that are based solely on the employer's failure to timely pay piece-rate employees the compensation due for rest and recovery periods and other non-productive time for wages earned prior to December 31, 2015. The employer must have, by no later than December 15, 2016, paid the employee's non-productive time at the highest of: The hourly rate determined by dividing the total compensation for the workweek—exclusive of compensation for rest and recovery periods and any premium compensation for overtime—by the total hours worked during the workweek, exclusive of rest and recovery periods; or Minimum wage plus interest; or 4 percent of the employee's gross earnings less up to 1 percent paid for non-productive time for the time period of July 1, 2012 to December 31, 2015. Plaintiff is informed and believes that Defendants failed to comply with Labor Code section 226.2, and thereafter, failed to comply with the requirements to pay drivers for 10-minute rest periods at their regular rate of pay, or at least at California's applicable minimum wage.

11.    For the Relevant Time Period, Plaintiff alleges that Defendants, and each of them:

a.    Failed to pay the statutory minimum wage for all hours worked to Plaintiff and Represented Employees in violation of California Labor Code sections 221, 223, 1194, 1194.2, 1197, and Industrial Welfare Commission ("IWC") Wage Order 9;

b.    Failed to pay all wages due and owing to Plaintiff and Represented Employees in violation of California Labor Code sections 201, 202, 203, 218.6, 221, 223, 224, 226.7, 512, 558, 1194, 1194.2, 1197, and IWC Wage Order 9;

c.    Failed to provide Plaintiff and Represented Employees with mandated rest periods of at least ten (10) minutes per four (4) hours of work, or major faction

3

Class and Representative Action Complaint

Exhibit A

Exhibit A

thereof, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California Labor Code sections 226.7, 558, and IWC Wage Order 9. Here, Plaintiff, the Represented Employees, and the similar "aggrieved" employees were not paid separately for 10-minute rest periods in violation of the holding in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864 (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage laws);

d. Failed to provide complete, accurate itemized wage statements to Plaintiff and Represented Employees in violation of California Labor Code sections 226, 226.2, 1174, 1174.5, and IWC Wage Order 9;

e. Violated California Business and Professions Code sections 17200, *et seq.* as further set forth below; and

f. Violated the California Private Attorneys General Act of 2004, Labor Code sections 2698, *et seq.*

**JURISDICTION & VENUE**

12. Jurisdiction and venue are proper here because, upon information and belief and throughout the Relevant Time Period, Defendants were, and are, licensed to do business in the State of California, maintain a physical terminal located in Fontana, California, County of San Bernardino as well as in Modesto, California, and because many of the acts alleged herein occurred throughout San Bernardino County and/or other counties within the State of California.

13. Throughout the Relevant Time Period, Plaintiff and Represented Employees resided within the State of California and performed work for Defendants throughout the State of California, as well as in various other states. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

14. Plaintiff is informed and believes and thereon alleges that he and Represented

4

Class and Representative Action Complaint

Exhibit A

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Exhibit A

Employees had virtually the same job duties and responsibilities. As a consequence, any differences between particular individual employees who work or have worked as a driver for Defendants, in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

15. Represented Employees have suffered damages and will continue to suffer the same harm as Plaintiff as a result of Defendants' unlawful conduct unless the relief requested herein is granted.

## PARTIES

### Plaintiff

16. Plaintiff RICHARD SNOW resides in San Bernardino in the State of California. SNOW was employed with Defendants from approximately August 2015 through February 2018 as a truck driver and was paid on a piece-rate or by-the-mile basis.

17. Throughout his employment with Defendants, Plaintiff did not receive minimum wages for all hours worked, was not provided with mandated paid rest periods or paid the mandated additional wages in lieu thereof. Plaintiff also did not receive complete, accurate itemized wage statements. Additionally, Plaintiff was not timely paid during his employment and was not paid all his final wages upon his separation of employment from Defendants.

### Defendants

18. On information and belief, and throughout the Relevant Time Period, Defendant WATKINS AND SHEPARD TRUCKING, INC. is a Montana corporation authorized to do and doing business in the State of California as Watkins and Shepard Trucking, Inc.

19. Defendants' maintain a business office in the State of California located in San Bernardino County, in Fontana, California.

20. Plaintiff is informed and believes, and based thereon alleges, that Defendants are engaged in the hauling and delivery of freight across the United States.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

5

Class and Representative Action Complaint

Exhibit A

Exhibit A

conduct business throughout the United States and maintain a terminal located in Fontana, California, among other states, and is the legal employer of Plaintiff and Represented Employees during the Relevant Time Period.

22.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiff and Represented Employees by virtue of Defendants' unlawful actions and practices, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

23.    Plaintiff is informed and believes, and based thereon alleges, that the Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and Represented Employees.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

25.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The Class that Plaintiff seeks to represent is defined as follows:

All current and former employee drivers of Defendants who worked in California at any time within the Relevant Time Period and who are/were paid on a "piece rate" and/or rate-per-mile basis for compensation purposes for worked performed in California.

26.    Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

27.    Plaintiff SNOW is a member of the Class he seeks to represent.

6

Class and Representative Action Complaint

Exhibit A

Exhibit A

28. This action is appropriately suited for a class action because:

a. The members of the Class which Plaintiff seeks to represent are sufficiently numerous that joinder is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

b. Common questions of fact and law predominate. Such common questions include, but are not limited to:

i. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay the statutory minimum wage to Plaintiff and Class members for all hours worked;

ii. Whether Defendants violated IWC Wage Order 9, section 12 by failing to separately pay for "paid" ten-minute rest periods for every four hours worked (or major fraction thereof), at least at minimum wage, so as to comply with the decision in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864;

iii. Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiff and Class Members, whether such separation was voluntary or involuntary;

iv. Whether Defendants violated the California Labor Code by failing to provide Plaintiff and Class Members with complete, accurate itemized wage statements;

v. Whether Defendants violated California Business & Professions Code sections 17200, *et seq.* by: failing to pay minimum wages for all hours worked by Plaintiff and Class Members; failing to provide mandated rest periods to Plaintiff and Class Members and not compensating such employees with one hour of additional wages in lieu of each rest period denied; failing to timely pay all final wages due

-7-

Class and Representative Action Complaint

Exhibit A

Exhibit A

upon separation of employment between Defendants and Plaintiff Class Members; and failing to provide Plaintiff and Class Members with complete, accurate itemized wage statements;

vi.     Whether Defendants violated sections 17200, *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code sections 201, 202, 203, 218.6, 223, 226, 226.7, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1198.5 among possibly other sections inadvertently omitted, and the applicable IWC Wage Order, which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

vii.     Whether Plaintiff and Class Members are entitled to equitable relief pursuant to California Business & Professions Code sections 17200, *et seq.*

c.   Plaintiff's claims are typical of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' ongoing Labor Code and IWC Wage Order violations pertaining to payment of minimum wages for all hours worked, rest periods, payment of final wages upon separation of employment, inaccurate and/or incomplete itemized wage statements.

d.   Plaintiff will fairly and adequately protect the interest of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to him and all Class Members. Plaintiff's interests are not in conflict with those of the Class Members. Further, Plaintiff and Class Representative SNOW's counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including many wage and hour class action cases.

29.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting

8

Class and Representative Action Complaint

Exhibit A

only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

30. Class action procedure will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff knows of no difficulty that might be encountered in management of this litigation which would preclude maintenance as a class action.

31. The class action is manageable because all common issues can be determined from identical payroll records and other corporate records showing piece-rate pay, and common uniform policies that will minimize or eradicate individual issues at trial.

32. Plaintiff also brings this action as a Representative Action pursuant to Labor Code sections 2698, et seq., the California Private Attorneys General Act of 2004 ("PAGA") for himself and all current and former "aggrieved employees." Plaintiff provided notice to the California Labor and Workforce Development Agency ("LWDA") on or about July 3, 2018. The LWDA did not intervene and the Defendants did not seek to cure. As a result, as a matter of law, Plaintiff is entitled to file this Complaint for full compliance and exhaustion of notice requirements under the PAGA and seek civil penalty assessments against Defendants as a Representative of the State of California as hereinafter alleged and in accordance with law, in additional to costs and reasonable attorneys' fees a provided by the PAGA statute. A true and correct copy of the July 3, 2018 Notice to the LWDA and to the Defendants is attached hereto Exhibit A and is expressly incorporated into this Complaint as if set forth in full. Plaintiff alleges that the notice period provided by statute has expired and this complaint is proper pursuant to Labor Code section 2699.3(a)(2)(A).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED**
**(Cal. Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order 9, § 4)**
**(On behalf of Plaintiff and Represented Employees as against all Defendants)**

33. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as

9

Class and Representative Action Complaint

Exhibit A

though fully set forth herein.

34. Failure of an employer to pay its employees the California minimum wage violates, *inter alia*, Labor Code section 1197 and IWC Wage Order 9, section 4.

35. During the Relevant Time Period, Plaintiff and Class Members were employed by Defendants as over-the-road drivers and were paid a per-mileage rate for each mileage driven for at least part of their compensation.

36. During the Relevant Time Period, Defendants required Plaintiff and Class Members to perform work in addition to driving without paying for all "hours worked" and resulted in Plaintiff and Class Members earning less than the applicable California minimum hourly wage for each hour worked.

37. Specifically, Defendants maintained and continue to maintain a practice of refusing to compensate Class Members for time spent not driving, including but not limited to, fueling vehicles, waiting for the loading and unloading of trailers, moving products for customers, performing pre- and post-trip inspections, adjusting equipment, checking brakes and trailers, securing loads, and completing paperwork. The flat rate compensation Defendants provided did not equate to at least minimum wage for each hour worked.

38. Plaintiff and Class Members were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the Relevant Time Period for each hour worked.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants intentionally, willfully, and improperly failed to pay minimum wages to him and Class Members in violation of Labor Code sections 221, 223, 1194, and 1197.

40. Defendants' conduct was willful because Defendants knew Plaintiff and Class Members were entitled to be paid at least the California minimum wage throughout the Relevant Time Period for each hour worked, yet Defendants chose not to pay them in accordance thereto.

41. As a result of Defendants' wrongful conduct, Plaintiff and Class Members have been damaged in amounts to be proven at trial.

10

Class and Representative Action Complaint

COBELLAN KROURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Exhibit A

Exhibit A

42.    Plaintiff, on behalf of himself and Class Members, seeks recovery of all unpaid wages, including unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs of suit, pursuant to Labor Code sections 1194 and 1194.2, against Defendants in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MANDATED REST PERIODS
### OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF
### (Cal. Labor Code §§ 226.7, 558; IWC Wage Order 9, § 12)
(On behalf of Plaintiff and Represented Employees as against all Defendants)

43.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

44.    IWC Wage Order 9, section 12(A) mandates that employees be provided with a rest period of ten (10) minutes per four (4) hours worked, or major fraction thereof. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

45.    Labor Code section 226.7(b) provides that no employer shall require an employee to work during any mandated rest period.

46.    Pursuant to Labor Code section 226.7(c) and IWC Wage Order 9, section 12(B), an employee is entitled to one additional hour of pay at the employees' regular rate of pay for each work day that the rest period was not provided.

47.    On information and belief, and at all times relevant, Plaintiff alleges that he and Class Members were denied the required ten (10)-minute rest periods for every four (4) hours, or major fraction thereof, worked per day as non-exempt employees, and that Defendants further failed to provide compensation in lieu of rest periods not provided.

48.    Specifically, Defendants and each of them, failed to authorize and permit ten-minute rest periods, paid as separate hourly pay in addition to piece-rate (or by-the-mile) pay for Represented Employees subject to the Defendants' piece-rate or pay-by-the-mile rate, for every four hours worked (or major fraction thereof). This uniform and systematic policy of Defendants directly violated the holding in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864 in that it failed to compensate separately for rest periods and does not comply with

11

Class and Representative Action Complaint

Exhibit A

Exhibit A

California minimum wage laws.

49. Defendants did not permit or authorize Plaintiff and Class Members to take rest periods in accordance with California law by not offering paid rest periods as required by *Bluford*.

50. By their failure to provide Plaintiff and Class Members with rest periods as required by California law, and failing to pay one hour of additional wages in lieu of each rest period not provided, Defendants willfully violated Labor Code section 226.7 and IWC Wage Order 9, section 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a rest period was not lawfully provided.

51. As a result of Defendants' unlawful acts, Plaintiff and Class Members have been deprived of additional wages in amounts to be proven at trial, and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

52. Defendants are also liable to Plaintiff and Class members for the civil penalties provided for in Labor Code section 558 because of the violations alleged in this claim for relief.

53. Further, after the employment of Plaintiff and other members of the Class ended, Defendants never paid them all wages due to them (as defined by applicable California law) because these employees were never paid any of the additional hours of wages with respect to rest periods described above in this paragraph. Defendants' failure to pay said additional hours of wages after these employees' employment ended was willful within the meaning of Labor Code section 203. Therefore, under Labor Code section 203, as additional relief and continuation of wages for failure to comply with the rest period laws, each of these employees is entitled to one day's wages, at the regular rate, for each day following the time periods in Labor Code sections 201 or 202, up to a maximum of 30 days' wages for each employee. Because none of these employees were ever paid the additional hours of wages with respect to rest periods described above in this paragraph, each of these employees is entitled to 30 days' additional wages.

12

Class and Representative Action Complaint

Exhibit A

Exhibit A

## THIRD CAUSE OF ACTION
### FAILURE TO TIMELY PAY FINAL WAGES
(Cal. Labor Code §§ 201-203)
(On behalf of Plaintiff and Represented Employees as against all Defendants)

54. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

55. Labor Code section 201 requires employers to immediately pay any wages, without abatement or reduction, to any employee who is discharged.

56. Labor Code section 202 provides that if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

57. For a violation of Labor Code sections 201 or 202, Labor Code section 203(a) provides that where the employer willfully fails to timely pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, but that the wages shall not continue for more than 30 days.

58. As alleged above, Plaintiff and Class Members are entitled to compensation for all wages earned, including without limitation, unpaid minimum wages and additional wages for paid rest periods they were denied. Plaintiff and Class Members are therefore entitled to Labor Code section 203 penalties.

59. More than 30 days have passed since Plaintiff and certain affected Class Members were terminated or have voluntarily left Defendants' employ without giving at least 72-hour notice, and on information and belief, they have not received payment pursuant to Labor Code section 203. As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff and certain affected Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203, as well as any underlying unpaid wages.

60. The exact amount of Labor Code section 203 penalties is all in an amount to be shown according to proof at trial.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Exhibit A

Exhibit A

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Cal. Labor Code §§ 226, 1174, 1174.5, IWC Wage Order 9, § 7)
(On behalf of Plaintiff and Represented Employees as against all Defendants)

61.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

62.    Labor Code section 226(a) requires an employer to provide its employees with itemized wage statements accurately stating gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions, net wages earned, the inclusive dates of the pay period, the employee's name and the last four digits of his or her social security number (or employee identification number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.    Labor Code section 1174(d) requires, in part, that employers, including Defendants, maintain payroll records showing the daily hours worked and the wages paid to employees, among other requirements.

64.    Pursuant to Labor Code section 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code section 1174(d) is subject to a penalty.

65.    Pursuant to IWC Wage Order 9, section 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

66.    Additionally, IWC Wage Order 9, section 7(A)(5) requires employers to keep total hours worked in the pay period and applicate rates of pay.

67.    At all relevant times, Defendants failed to maintain records pursuant to the Labor Code and applicable IWC Wage Order by failing to maintain records showing the beginning and end time of each shift and daily hours worked.

68.    Defendants' failure to provide and maintain records required by the Labor Code

14

Class and Representative Action Complaint

Exhibit A

Exhibit A

and applicable IWC Wage Order deprived Plaintiff and Class Members of the ability to know, understand, and question the accuracy and frequency of wages earned for all hours worked in addition to drive time. Therefore, Plaintiff and Class Members had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and Class Members have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial.

69. Furthermore, Defendants knowingly and intentionally failed to furnish Plaintiff and Class Members with complete itemized wage statements accurately listing gross and net wages earned, the pay period begin date, and the address of the legal entity that is the employer. The mileage and corresponding rates are not differentiated on the wage statement from hours worked and results in further confusion regarding the amount of pay earned. It is difficult to determine from the wages statement alone the amount of pay earned for mileage and for other tasks.

70. As a result of Defendants' violation of Labor Code sections 226(a), 1174(d), 1174.5, Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights.

71. Specifically, Plaintiff and Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, complete, accurate, itemized wage statements under Labor Code section 226(a).

72. By failing to keep and/or provide accurate records as required by Labor Code sections 226(a), 1174(d) and IWC Wage Order 9, section 7, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid minimum, regular, and additional period wages owed, as well as interest due to Plaintiff and Class Members.

73. Plaintiff has also been injured as a result of having to bring this action to

15

Class and Representative Action Complaint

Exhibit A

Exhibit A

attempt to obtain correct wage information following Defendants'. refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

74. Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide an accurate wage statement listing, among other things, the amount of gross or net wages, the name and address of the legal entity that is the employer, the name of the employee and only the last four digits of his or her social security number or an employee identification number, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4,000).

75. Plaintiff and Class Members also seek and request, pursuant to Labor Code section 226(g), injunctive relief to ensure compliance by Defendants with section 226(a), to wit, that the wage statements Defendants provide to their employees accurately list all wages earned, the pay period begin date, and the address of the legal entity that is the employer. Plaintiff also requests an award of costs and reasonable attorneys' fees.

76. The exact amount of Plaintiff's and Class Members' damages is all in an amount to be shown according to proof at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF UNFAIR COMPETITION LAW
### (Bus. & Prof. Code §§ 17200, et seq.)
(On behalf of Plaintiff and similarly-aggrieved employees as against all Defendants)

77. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

78. California Business & Professions Code sections 17200, et seq., prohibit acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice...." Plaintiff and Class Members, as herein alleged, have suffered and continue to suffer injuries in fact due to Defendants' unfair and unlawful business practices.

79. Defendants, and each of them, are "persons" as defined under Business & Professions Code section 17021.

80. As alleged herein, Defendants engaged in conduct that violated California's

16

Class and Representative Action Complaint

Exhibit A

Exhibit A

wage and hour laws, including failing to pay wages for all hours worked, failing to provide mandated paid rest periods, failing to timely pay final wages upon separation of employment, and failing to provide complete, accurate, itemized wage statements, all in order to decrease their costs and increase their profits.

81. At all relevant times herein mentioned, Defendants did not pay Plaintiff and Class Members all wages and monies and other financial obligations attached thereto to which they were owed.

82. Defendants' violations of the California Labor Code and IWC Orders, and their scheme to lower their payroll costs as alleged herein, constitute unlawful and unfair business practices as it was done in a systematic manner over a period of time to the detriment of their employees, including Plaintiff.

83. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class Members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

84. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

85. A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code sections 17200, *et seq*.

86. Plaintiff, individually, and on behalf of members of the putative Class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result

17

Class and Representative Action Complaint

Exhibit A

Exhibit A

of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful, and/or fraudulent business practices.

87. Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Plaintiff and Class Members have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the members of the Class are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

88. Plaintiff, individually, and on behalf of members of the putative Class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful, and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

89. Pursuant to Business & Professions Code sections 17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## SIXTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PAY REGULAR PAY/MINIMUM WAGES AND UNLAWFUL DEDUCTION OF WAGES
(Cal. Labor Code §§ 226.7, 558, 2699(f)(2); Cal. Code Regs. Tit. 8, § 11090)
(On behalf of Plaintiff and current and former aggrieved employees as against all Defendants)

90. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

91. Pursuant to Labor Code section 2699, Plaintiff seeks all applicable PAGA civil

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

18

Class and Representative Action Complaint

Exhibit A

Exhibit A

penalties and remedies for each aggrieved employee for each pay period in the applicable statute of limitations in which the aggrieved employee was not paid for all hours worked for each pay period, plus reasonable attorneys' fees and costs.

92.    The Private Attorneys General Act of 2004 ("PAGA") provides that:

> ...an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699(g)(1).

93.    Plaintiff SNOW is an "aggrieved employee" under the PAGA, as he was employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover on behalf of himself and all other current and former aggrieved non-exempt employees, as defined above, the civil penalties provided by the PAGA, plus reasonable attorneys' fees and costs.

94.    Plaintiff, by virtue of the Notice correspondence dated July 3, 2018, attached hereto as Exhibit A, has satisfied all prerequisites to serve as a representative of the general public to enforce California's labor laws, including without limitation, the penalty provisions identified in California Labor Code section 2699.5. Because the LWDA took no steps within the applicable time period required to intervene, and because the Defendants took no corrective actions to remedy the allegations set forth above, Plaintiff, as a representative of the people of the State of California, will seek, and hereby does seek, any and all civil penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement ("DLSE").

95.    Any civil penalties recovered herein will be distributed in accordance with the PAGA, with at least 75% of the penalties recovered being reimbursed to the State of

Class and Representative Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Exhibit A

Exhibit A

California and the LWDA, where applicable. *See* Cal. Lab. Code § 2699(i).

96.    Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

97.    Plaintiff seeks civil penalties against Defendants for their violations of the labor code on account of the failure to provide Plaintiff and other aggrieved non-exempt employees proper regular pay and minimum wages for regular hours worked during the applicable statutory period as set forth herein.

98.    California Labor Code section 558 provides in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee . . . .

. . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

99.    Labor Code section 1194(a) provides: "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

100.    Pursuant to California Labor Code section 1198, the IWC provides the

20

Class and Representative Action Complaint

Exhibit A

Exhibit A

maximum hours of work and standard conditions of labor for California employees.

101. Section 4 of IWC Wage Order No. 9-2001 provides in pertinent part:

(A)(1) Every employer shall... pay to each employee wages not less:

(a) Ten dollars and fifty cents ($10.50 hour for all hours worked, effective January 1, 2017; and

(b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018.

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

102. Section 2(K) of IWC Wage Order No. 9-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

103. Labor code section 223 states that where any statute or contract requires an employer to maintain a designated wage scale, it shall be unlawful to secretly pay a lower wages while purporting to pay the wages designated by statute or contract.

104. Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

105. Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

106. Labor Code section 2699.5 provides, in pertinent part that "[t]he provisions of

21

Class and Representative Action Complaint

Exhibit A

Exhibit A

subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 223, 1194, 1194.2, 1197, 1197.1" as provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA.

107.  Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly compensate Plaintiff and other aggrieved non-exempt employees applicable minimum wage for all regular hours worked and overtime premium pay for hours worked in excess of eight hours per workday, forty hours per workweek, and/or hours worked on the seventh consecutive day in a workweek.

108.  As a direct and proximate result of the Defendants' unlawful acts, as alleged in detail herein, Plaintiff and other aggrieved non-exempt employees have been deprived, and continue to be deprived, of minimum wages for regular hours worked and proper overtime premium pay for overtime hours worked.

109.  As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and other aggrieved non-exempt employees minimum wages for regular hours worked and proper overtime premium pay for overtime hours worked. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil penalties provided by California Labor Code sections 225.5, 1194, 1194.2, 1197.1 and 2699.5, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

110.  Plaintiff has fully complied with procedures specified in Labor Code section 2699.3. For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval

### SEVENTH CAUSE OF ACTION
**CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE PAID REST PERIODS OR REST PERIOD PREMIUM PAY**
(Cal. Lab. Code §§ 218.5, 218.6, 226.7, 512, 2699(f)(2); Cal. Code Regs. tit. 8, § 11090; IWC Wage Order 9, §§ 11-12)
(On behalf of Plaintiff and current and former aggrieved employees as against all Defendants)

111.  Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

22

Class and Representative Action Complaint

Exhibit A

Exhibit A

112. Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and other aggrieved non-exempt employees lawful off-duty paid rest periods, as well as corresponding premium pay for rest periods, during the applicable statutory period.

113. California Labor Code section 226.7 provides in pertinent part:

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . .

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

114. California Labor Code section 558 provides in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee . . . .

. . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

115. Pursuant to California Labor Code section 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

116. Sections 12(A) and 12(B) of IWC Wage Order No. 9-2001 provide:

(A) Every employer shall authorize and permit all employees to take rest periods, which in so far as practicable shall be in the middle of each

23

Class and Representative Action Complaint

Exhibit A

work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

117. Premium pay for denied lawful rest periods is considered a "wage" rather than a penalty. *See Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal. 4th 1094, 1114.

118. Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices, and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

119. Defendants' conduct throughout the applicable statutory period, as alleged in more detail herein, violates the aforementioned regulations because Defendants failed to properly provide Plaintiff and other aggrieved non-exempt employees lawful paid, off-duty 10-minute rest periods, free from management control, as well as the corresponding required premium pay wages for denied rest periods.

120. As alleged in more detail above, Defendants denied Plaintiff and other aggrieved non-exempt employees lawful rest periods throughout the applicable statutory period. Even when they were provided rest periods of some form during the applicable statutory period, those rest periods were unpaid. Since the aggrieved employees were paid at a piece-rate or by-the-mile rate, Defendants failed to comply with paid 10-minute break periods, at least paying minimum wage or a regular rate of compensation in lieu thereof. Defendants' pay policy was a direct violation of *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864.

121. Plaintiff is informed and believes, and based thereon alleges, that all other aggrieved non-exempt employees have substantially similar job responsibilities.

24

Class and Representative Action Complaint

Exhibit A

Exhibit A

122. Relatedly, despite failing to provide Plaintiff and other aggrieved non-exempt employees lawful paid rest periods throughout the applicable statutory period, Defendants also systematically denied Plaintiff and other aggrieved non-exempt employees proper premium pay at the rate of one hour of pay at their regular pay rates for each workday they were denied a paid, off-duty 10-minute rest period.

123. As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and other aggrieved non-exempt employees lawful rest periods and the corresponding rest period premium pay. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil penalties provided by California Labor Code sections 226.7, and 558, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

124. Aggrieved employees can recover penalties for denied rest periods under the PAGA, as the civil penalty under California Labor Code section 558 applies to "any provision regulating hours and days of work in any order" of the IWC, including the rest period requirement. *See Thurman v. Bayshore Transit Mgmt., Inc.* (2012) 203 Cal. App. 4th 1112, 1153.

125. Plaintiff has fully complied with procedures specified in Labor Code section 2699.3.

126. For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

## EIGHTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS & KEEP ACCURATE PAYROLL RECORDS
(Cal. Lab. Code §§ 226(a), 226.3; Cal. Code Regs. tit. 8, § 11090)
(On behalf of Plaintiff and current and former aggrieved employees as against all Defendants)

127. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

128. Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

25

Exhibit A

Exhibit A

and other aggrieved non-exempt employees accurate itemized wage statements during the applicable statutory period.

129. California Labor Code section 226 provides in pertinent part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

130. Similarly, Section 7(B) of IWC Wage Order No. 9-2001 provides: "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

131. As alleged in more detail above, Defendants violated the above statutes by failing to provide Plaintiff and other aggrieved non-exempt employees accurate itemized wage statements during the applicable statutory period, which accurately accounted for all hours worked and premium pay owed. The wage statements provided to Plaintiff and other aggrieved non-exempt employees fail to accurately reflect all overtime hours worked,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

26

Exhibit A

Exhibit A

overtime hourly rates, and/or actual gross wages and net wages earned, for the reasons detailed herein. Additionally, Defendants also failed to account for premium wages owed as a result of denying Plaintiff and other aggrieved non-exempt employees lawful rest periods, as alleged above.

132.   California Labor Code section 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

133.   Plaintiff also seeks civil penalties against Defendants for failure to maintain accurate payroll records during the applicable statutory period.

134.   California Labor Code section 1174 provides in pertinent part: "Every person employing labor in this state shall . . . . (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years."

135.   Similarly, Sections 7(A) and (C) of IWC Wage Order No. 9-2001 provide:

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

27

Class and Representative Action Complaint

Exhibit A

Exhibit A

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

136. California Labor Code section 1174.5 provides: "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 . . . shall be subject to a civil penalty of five hundred dollars ($500)."

137. Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

138. As alleged in more detail above, Defendants violated the above statutes by failing to maintain accurate payroll records showing the hours worked daily by, and the wages paid to, Plaintiff and other aggrieved non-exempt employees. Defendants' payroll records pertaining to Plaintiff and other aggrieved non-exempt employees fail to accurately reflect all overtime hours worked, overtime hourly rates, actual gross wages and net wages earned, and premium wages owed for denied lawful rest periods.

139. As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and other aggrieved hourly employee accurate itemized wages statements

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

:28

Exhibit A

Exhibit A

during the applicable statutory period. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this representative action, all civil penalties provided by California Labor Code sections 226 and 226.3, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

140. Plaintiff has fully complied with procedures specified in Labor Code section 2699.3.

141. For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

## NINTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO TIMELY PAY WAGES OWED
(Cal. Lab. Code §§ 201-204, 210, 558, 2926, 2927; Cal. Code Regs. tit. 8, § 11090)
(On behalf of Plaintiff and current and former aggrieved employees as against all Defendants)

142. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

143. Plaintiff seeks civil penalties against Defendants for their failure to timely pay Plaintiff and other aggrieved non-exempt employees all wages owed during the applicable statutory period.

144. Pursuant to California Labor Code section 2926, "[a]n employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal."

145. Pursuant to California Labor Code section 2927, "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

146. Pursuant to California Labor Code section 201, "[i]f an employer discharges an employee the wages earned and unpaid at the time of discharge are due and payable immediately."

147. California Labor Code section 202 provides: "If an employee not having a

Class and Representative Action Complaint

Exhibit A

Exhibit A

written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

148.    California Labor Code section 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

149.    California Labor Code section 204 provides:

> (a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

150.    California Labor Code section 210 provides:

> (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:
>
> > (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
> >
> > (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.
>
> (b) The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent civil action.  The action shall be brought in the name of the people of the State of California and the Labor

30

Exhibit A

Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in bringing these actions. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund.

151. Section 20 of IWC Order No. 9-2001 provides in pertinent part:

(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:

(1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

(2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

(3) The affected employee shall receive payment of all wages recovered.

152. Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate civil penalty provided by the PAGA statute.

153. Defendants violated the above statutes by failing to promptly pay Plaintiff and other aggrieved non-exempt employees all earned wages due each and every pay period, as well as immediately upon termination and/or within 72 hours upon resignation.

154. During the applicable statutory period, Defendants violated, and continue to violate, California Labor Code section 204 and Section 20 of IWC Wage Order No. 9-2001 by failing to compensate Plaintiff and other aggrieved hourly employee overtime premium wages for overtime hours worked, premium pay for denied rest periods (wages), and other wages due to Plaintiff and other aggrieved non-exempt employees each pay period, as alleged in more detail herein.

155. Further, Defendants violated, and continue to violate, California Labor Code

31

Class and Representative Action Complaint

CORELLAN KELLOGY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Exhibit A

sections 201, 202, 2926, and 2927 by failing to compensate employees (including Plaintiff and other aggrieved non-exempt employees no longer working for Defendants) for services rendered up to the time of dismissal or quitting.

156. As such, Defendants are liable for PAGA penalties resulting from their failure to timely pay Plaintiff and other aggrieved non-exempt employees all wages owed each and every pay period, and upon cessation of employment. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil penalties provided by California Labor Code sections 210 and 558, and IWC Order No. 9-2002, section 20, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

157. Plaintiff has fully complied with procedures specified in Labor Code section 2699.3.

158. For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all others similarly situated, and as a representative on behalf of the State of California's Labor and Workforce Development Agency ("LWDA"), prays for damages, restitution, civil penalties, and all other proper relief and judgment against all Defendants, jointly and severally, as follows:

a. That the matter be certified as a class action pursuant to California Code of Civil Procedure section 382 and applicable California Rules of Court;

b. That Plaintiff be appointed as the Class Representative and as a Representative of the California LWDA pursuant to the PAGA;

c. That counsel for Plaintiff be appointed Class Counsel and be counsel for the California LWDA absent intervention by the State of California in relation to the PAGA civil penalties claims;

d. As to the First Cause of Action: To pay all minimum and regular wages for all hours worked as required by law in an amount according to proof;

32

Class and Representative Action Complaint

Exhibit A

Exhibit A

e. As to the Second Cause of Action: To pay minimum and regular wages for all rest periods and to pay rest period premiums for failure to provide paid 10-minute rest periods as required by law and the decision in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864, in an amount according to proof;

f. As to the Third Cause of Action: For penalty wages of 30-days' pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiff and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

g. On the Fourth Cause of Action: For statutory penalties under Labor Code sections 226(e) and (g) related to Defendants' failure to provide accurate wage statements to the extent provided by law, up to a maximum of $4,000.00 per Class Member, distributed in a fair and equitable manner in an amount in an amount according to proof;

h. On the Fifth Cause of Action: For restitution of wages due to Class Members pursuant to Business & Professions Code sections 17200, *et seq.*, distributed in a fair and equitable manner in an amount according to proof and an injunction compelling Defendants to meet their obligation henceforth to properly pay minimum wage for rest periods and to pay rest period premiums;

i. On the Sixth Cause of Action: For recovery of all civil penalties for unpaid minimum and regular wages and overtime premium pay for the applicable statutory period as permitted by Labor Code sections 225.5, 558(a)(3), 2699.3, and 1194.2-1197.1; to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

j. On the Seventh Cause of Action: For recovery of all civil penalties as permitted by Labor Code sections 226.7, 558(a)(3), and 2699.3 for unpaid rest periods and failure to pay one-hour "premiums" to Plaintiff and other aggrieved

Class and Representative Action Complaint

Exhibit A

Exhibit A

employees to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

k. On the Eighth Cause of Action: recovery of all civil penalties as permitted by Labor Code sections 226(a) and 226.3 for failing to provide accurate itemized wage statements, to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

l. On the Ninth Cause of Action: For recovery of all civil penalties pursuant to Labor Code section 2699(f)(2) where a statutory civil penalty is not provided, for failing to comply with Labor Code sections 201-203, 210, and 1197, to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

m. For reasonable attorneys' fees and costs of suit to the extent permitted by Labor Code sections 218.5, 1194, 1404, 2699(g)(1), and/or California Code of Civil Procedure section 1021.5, in an amount according to proof and subject to Court approval;

n. For Pre-and post-judgment interest at the legal rate of 10% in the State of California on readily calculable monies due to the extent provided by California law, in an amount according to proof;

o. For reasonable litigation costs, including costs of administration and accounting;

p. For the Court to otherwise determine the appropriate remedy to compensate each Plaintiff and Class Member and "aggrieved employee" as required to promote fairness and justice, including but not limited to establishing

34

Class and Representative Action Complaint

Exhibit A

Exhibit A

procedures for compensation, compensation amounts, and fluid recovery if appropriate; and

q.    Any such other and further relief as this Court may deem necessary, just, and/or proper.

Dated: September 6, 2018                    COHELAN KHOURY & SINGER

By: _____
Kristina De La Rosa

Attorneys for Plaintiff Richard Snow, on behalf of himself and all others similarly situated and aggrieved employees

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable as of right by jury.

Dated: September 6, 2018                    COHELAN KHOURY & SINGER

By: _____
Kristina De La Rosa

Attorneys for Plaintiff Richard Snow, on behalf of himself and all others similarly situated and aggrieved employees

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

35

Class and Representative Action Complaint

Exhibit A

Exhibit A

# EXHIBIT A

Exhibit A

# COHELAN KHOURY & SINGER
### A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, AFLC°
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC°

(°Also admitted in the District of Columbia)
(°Also admitted in Colorado)

**ATTORNEYS AT LAW**

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI ▲
J. JASON HILL†
MARTA MANUS

(† Also admitted in Illinois)
(▲ Of Counsel)

·July 3, 2018

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## CAL. LABOR CODE SECTIONS 2698, *et seq.*

### NOTICE VIA ONLINE SUBMISSION
California Labor and Workforce Development Agency at:
https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html

### NOTICE FEE VIA U.S. MAIL
Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, California 94102

### VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT
Watkins and Shepard Trucking, Inc.
c/o The Corporation Company
555 Capital Mall, Suite 1000
Sacramento, California 95814

Watkins and Shepard Trucking, Inc.
3101 S Packerland Drive
Green Bay, Wisconsin 54313

Re:    Notice by Richard Snow, on behalf of himself and all similarly aggrieved
       California employees of Watkins & Shepard Trucking, Inc., as an individual
       and as a proposed Representative of the State of California

Dear PAGA Administrator:

Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.* ("PAGA"), Mr. Richard Snow ("Mr. Snow" or "Claimant") intends to bring an action against his former employer, Watkins and Shepard Trucking, Inc. ("W & S Trucking" or "the Company"), individually and on behalf of all other aggrieved employees for alleged violations of Labor Code sections 201, 202, 203, 212, 226, 226.7, 512, 558, and 1198. This letter serves as Claimant's written notice pursuant to Labor Code § 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency (hereafter "LWDA") the opportunity to investigate the alleged claims contained herein. If the LWDA does not intend to investigate the allege violations, Claimant intends to file a civil action for PAGA penalties on behalf of himself and all other aggrieved employees of W & S Trucking. Mr. Snow intends to seek penalties under the PAGA on behalf of himself and all other aggrieved employees of W & S Trucking.

Exhibit A

Exhibit A

W & S Trucking, Inc.
July 3, 2018
Page | 2

## FACTUAL STATEMENT

W & S Trucking is a nationwide delivery provider of less than load (LTL) freight and logistics for home furnishings and other goods serving retailers across the nation. Claimant was employed by W & S Trucking as an over the road (OTR) truck driver. At all times during his employment, Claimant was subject to the protections afforded by the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order including the requirements to be paid at least minimum wages for all hours worked. For reasons set forth below, Claimant alleges that W & S Trucking failed to compensate him and other aggrieved employees for all hours worked, failed to provide paid rest periods, failed to maintain accurate records, failed to pay all wages due during employment and upon termination of employment, and failed to provide accurate itemized wage statements.

W & S Trucking paid Claimant and other aggrieved employees on a piece-rate formula that consisted of a "per mile" amount for each mile driven as well as a flat rate for pre and post trip inspections. W & S Trucking paid no additional and separate pay on an hourly basis for the time spent on rest breaks, and for duties such as cleaning and fueling, check-in and check-out, loading and unloading the trailers, collecting payment from customers, and moving product for customers.

For reasons set forth herein, Claimant alleges the following violations of the California Labor Code and the applicable IWC Wage Order on behalf of himself and all other aggrieved employees of W & S Trucking. Claimant alleges that W & S Trucking:

1. W & S Trucking failed to compensate Claimant and other aggrieved employees for all hours worked;

2. W & S Trucking failed to provide Claimant and other aggrieved employees with paid rest periods;

3. W & S Trucking failed to pay Claimant and other aggrieved employees one hour's pay for each workday in which it failed to provide them with compliant rest periods;

4. W & S Trucking failed to provide Claimant and other aggrieved employees with accurate itemized wage statements;

5. W & S Trucking failed to timely pay Claimant and other aggrieved employees all wages earned and due during their employment and at the time such employment ended; and

6. W & S Trucking failed to maintain accurate employment records, including but not limited to the total hours worked and the total wages earned.

Accordingly, Claimant now seeks civil penalties on behalf of himself and other aggrieved employees based on W & S Trucking's alleged violations of the California Labor Code and

Exhibit A

Exhibit A

W & S Trucking, Inc.
July 3, 2018
Page | 3

applicable IWC Wage Order. Claimant's claims are set forth in further detail below.

### FAILURE TO PROVIDE PAID REST PERIODS
(Labor Code §§ 226.7, 1198 and the "Rest Period" Sections of the applicable IWC Wage Order)

The "Rest Period" section of applicable IWC Wage Order states, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." If an employer fails to provide an employee a rest period in accordance with the applicable provision of the order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation of reach workday that the rest period is not provided.

Labor Code section 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

Industrial Welfare Commission Wage Order 9-2001, regulates the wages, hours, and working conditions of employees in the Transportation Industry, including Claimant and other aggrieved employees employed by W & S Trucking as truck drivers. IWC Wage Order 9-2001 section 12 states, "Authorized rest periods time shall be counted as hours worked for which there shall be no deduction from wages." Accordingly, rest periods are counted as "hours worked" and employers, such as W & S Trucking must pay employees, such as Claimant and other aggrieved employees, separate compensation in addition to the piece-rate compensation earned for miles driven. *See Bluford v. Safeway Stores, Inc,* 216 Cal.App.4th 864 (2013).

During Claimant's employment, W & S Trucking failed to provide Claimant and other aggrieved employees with rest periods as required by Labor Code section 226.7 and section 12 of the applicable IWC Wage Order by its failure to provide a paid rest period on eligible work periods. Furthermore, W & S Trucking failed to pay one (1) hour of pay at the employee's regular rate of compensation for each workday that the paid rest period was not provided.

Labor Code § 226.7(c) states: "[I]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the IWC, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Consequently, W & S Trucking must pay one hour of wages for each day a paid rest period was not provided. Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

### FAILURE TO PAY MINIMUM AND REGULAR WAGES
(Labor Code §§223, 225.5, 1194, 1194.2, 1197, 1197.1, 1198, and the "Minimum Wages and "Hours and Days of Work" Sections of IWC Wage Order 9-2001)

Labor Code § 223 states that where any statute or contract requires an employer to

Exhibit A

W & S Trucking, Inc.
July 3, 2018
Page 4

maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

Labor Code § 225.5 provides for a penalty in addition to, and entirely independent and apart from, any other penalty against every person who unlawfully withholds wages in violation of Labor Code §§ 212, 216, 221, 222, or 223. This penalty shall be one hundred dollars for each initial violation for each employee and two hundred dollars for each subsequent failure to pay each employee, plus twenty five percent of the amount unlawfully withheld.

Labor Code §1194(a) states: "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and cost of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code §1194.2.

Labor Code § 1197 states, "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

Labor Code § 1197.1 provides that any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code § 203. For any initial violation that is intentionally committed, the civil penalty shall be one hundred dollars for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Labor Code § 1198 states, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

The applicable IWC Wage Order states that every employer shall pay to each employee not less than the applicable minimum wage for all hours worked in the payroll period.

During Claimant's employment, Claimant and other aggrieved employees were paid on a piece-rate formula that consisted of a "per mile" amount for each mile driven as well as a flat rate for pre and post trip truck inspections. Claimant alleges that W & S Trucking paid no additional and separate compensation on an hourly basis for the time spent on rest breaks, cleaning and fueling trucks, check-in and check-out, loading and unloading the trailers, collecting payment from customers, and moving product for customers. Although W & S

Exhibit A

W & S Trucking, Inc.
July 3, 2018
P a g e | 5

Trucking paid drivers for certain specified non-driving tasks such as pre and post trip truck inspections, W & S Trucking did not compensate drivers for all hours actually worked and under the control of W & S Trucking. Accordingly, W & S Trucking failed to pay Claimant and other aggrieved employees minimum and regular wages for all hours worked and or suffered and permitted to work. Claimant seeks to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code § 226 and the "Records" Section
### of the applicable IWC Wage Order)

Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate  if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer…; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable attorney's fees."

W & S Trucking failed to provide Claimant and other aggrieved employees with accurate itemized wage statements complying with the requirements of Section 226(a) including but not limited to stating the total compensation due by failing to pay minimum and regular wages for all hours worked and failing to pay premium pay for non-compliant rest periods.  Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

## FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT
### (Labor Code §§ 204(a) and § 4 of the IWC Wage Order 9-2001)

Labor Code section 210 states in pertinent part: "(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205,

Exhibit A

Exhibit A

W & S Trucking, Inc.
July 3, 2018
Page | 6

205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

IWC Wage Order 9-2001 section 4(B) states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

Claimant alleges that W & S Trucking failed to pay Claimant and other aggrieved employees (i) all wages due and owing and (ii) all wages due and owing by the time set forth pursuant to Labor Code section 204(a) and IWC Wage Order 9-2001 section 4(B) including, but not limited to, not paying all minimum and regular wages, and rest period premium wages.

As a result, W & S Trucking owes Labor Code section 210 penalties to all affected employees, including Claimant. Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

### FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT
(Labor Code §§ 201, 202, and 203)

Labor Code § 201 states, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 202 states, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours pervious notice of his or her intention to quit, in which case employee is entitled to his or her wages at the time of quitting."

Labor Code § 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. "

W & S Trucking failed to pay Claimant and other aggrieved employees all wages that were due and owing to them within the required time during their employment and upon their separation of employment, in violation of the Labor Code and the applicable IWC Wage Order because of the violations alleged herein. As a result, W & S Trucking owes Labor Code §203 waiting time penalties to all affected employees, including Claimant. Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

Exhibit A

W & S Trucking, Inc.
July 3, 2018
P a g e | 7

## CIVIL PENALTIES FOR VIOLATION OF LABOR CODE & IWC WAGE ORDERS
### (Labor Code § 558)

Labor Code § 558 subjects any employer who violates Part 2, Chapter 1 of the Labor Code or any provision regulating the hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation, in addition to an amount sufficient to recover underpaid wages.

As set forth above, W & S Trucking underpaid Claimant and other aggrieved employees by failing to pay for all hours worked including for time spent on rest breaks, and for performing job duties such as cleaning and fueling, check-in and check-out, loading and unloading the trailers, collecting payment from customers, and moving product for customers for which no compensation was paid to Claimant and other aggrieved employees. Also, W & S Trucking failed to provide Claimant and other aggrieved employees with paid rest periods or compensation in lieu thereof as required by Labor Code section 226.7 and section 12 of the applicable IWC Wage Order. As a result, W & S Trucking is liable for civil penalties under Labor Code section 558. Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

## CONCLUSION

Mr. Snow requests the Labor and Workforce Development Agency ("LWDA") initiate investigation of the violations described above. If the LWDA does not pursue enforcement, Mr. Snow will pursue claims for statutory penalties and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Order, including all available penalties set forth in Labor Code section 2699(f).

Very truly yours,
COHELAN KHOURY & SINGER

Marta Manus, Esq.

cc:
Jon Lebe
Lebe Law, A Professional Law Corporation
777 South Alameda Street, Second Floor
Los Angeles, CA 90021