UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 1 of 8 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

# I.
# BACKGROUND

Plaintiff Richard Snow alleges that from approximately August 2015 to February 2018, he was employed by Defendant Watkins and Shepard Trucking, Inc., whose business involves hauling and freight delivery. [Doc. # 1-1 ("Complaint") at ¶¶ 16, 20.] He claims that, during that time, Defendant had "a uniform and systematic policy" of violating California wage and hour laws by "fail[ing] to authorize and permit ten-minute rest periods, paid as separate hourly pay in addition to piece-rate . . . pay." *Id.* at ¶¶ 48, 50.

On September 7, 2018, Plaintiff filed a Class Action Complaint in the Los Angeles County Superior Court against Defendant, alleging the following causes of action: (1) failure to pay minimum wages for all hours worked; (2) failure to provide paid rest periods; (3) failure to timely pay final wages upon separation of employment; (4) failure to furnish accurate wage statements; and (5) violation of California's Unfair Competition Law. Plaintiff also seeks to recover civil penalties under California's Private Attorneys General Act ("PAGA"). *See generally id.* He defines the class he seeks to represent as "[a]ll current and former employee drivers of Defendants who worked in California at any time within the Relevant Time Period and who are/were paid on a 'piece rate' and/or rate-per-mile basis for compensation purposes for work performed in California." *Id.* at ¶ 25.

On October 17, 2018, Defendants filed a Notice of Removal asserting federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). [Doc. # 1 ("Notice").] On November 16, 2018, Plaintiff moved to remand the action to state court on the basis that Defendant failed to show that: (1) the amount in controversy of the class's claims exceeds $5,000,000; and (2) the amount in controversy pertaining to Plaintiff's individual claims exceeds $75,000. [Doc. # 10 ("MTR").] After the parties briefed the matter fully [Doc. ## 11 ("Opp."),

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 2 of 8 |

12 ("Reply")], Defendant filed a Notice of New Decisional Authority and a Motion to Strike Plaintiff's Reply, and Plaintiff filed a Response to Defendant's Motion to Strike. [Doc. ## 14, 15, 16.] Because Defendant has not met its burden to establish the amount in controversy required to litigate in federal court, remand is appropriate.

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties ("traditional diversity jurisdiction"). The Class Action Fairness Act ("CAFA") affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

If a complaint does not specify a particular amount of damages and the plaintiff challenges jurisdiction after removal, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Ibarra*, 775 F.3d at 1197, 1199 ("Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). In such cases, a district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[R]emoval 'cannot be based simply upon conclusory allegations where the [complaint] is silent'" as to the amount of damages. *Id.* (quoting *Allen*, 63 F.3d at 1335). Further, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra*, 775 F.3d at 1197.

With regard to traditional diversity jurisdiction in particular, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *See Gaus v*, 980 F.2d at 566.

UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 3 of 8 |

"Federal jurisdiction [under that statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." *See id.* (emphasis added). Put differently, there is a "strong presumption against removal" in the context of traditional diversity jurisdiction. *See id.*[1]

## III.
## DISCUSSION

Plaintiff does not dispute that he is diverse from Defendant or that his putative class is large enough to satisfy CAFA's 100-member minimum. MTR at 3. He only challenges Defendant's assertions that: (1) the amount in controversy for the claims belonging to the putative class members exceeds the $5 million jurisdictional threshold for CAFA jurisdiction; and (2) the amount in controversy with respect to his individual claims exceeds the $75,000 threshold for traditional jurisdiction. *Id.* at 1.

Much of the parties' disagreement centers on the particular data sets that underlie their various estimates of amounts in controversy. Plaintiff correctly argued in his MTR that Defendant improperly aggregated PAGA penalties with class action claims in its Notice of Removal in order to satisfy CAFA's amount in controversy requirement. MTR at 3; *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015). Then, in its Opposition, Defendant adjusted its estimation of the value of Plaintiff's class claims so that it purported to satisfy the $5 million requirement without the PAGA penalties. Opp. at 13. In response, Plaintiff argued that Defendant used faulty data to justify that new valuation. Reply at 5-8. Defendant objected to that argument on the basis that it constituted an improper new argument in a reply brief. [Doc. # 15 at 1-2.] The Court need not determine which data set is correct or whether Plaintiff's argument against Defendant's data was improper, however, because remand is appropriate even assuming the numbers in the Opposition are accurate. The Court will discuss the parties' CAFA and traditional jurisdiction arguments separately.

---

[1] Although the U.S. Supreme Court has held that "no antiremoval presumption attends cases invoking CAFA," the Court declined to "decide whether such a presumption is proper in mine-run diversity cases." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). After *Dart*, the Ninth Circuit reaffirmed that if a plaintiff challenges CAFA jurisdiction, the removing defendant still bears "the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million . . . ." *See Ibarra*, 775 F.3d at 1197.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 4 of 8 |

### A. CAFA Jurisdiction

Defendant has not adequately established a sufficient amount in controversy because its calculations rest on two significant unreasonable assumptions: (1) a 100% violation rate; and (2) an attorneys' fees recovery consisting of 25% of the overall award.

### 1. Defendant Improperly Assumes a 100% Violation Rate

Defendant's amount in controversy math assumes that it failed to provide each employee with the required rest breaks during every shift throughout the entire class period. *See* Opp. at 8–10. Defendant notes that Plaintiff alleges that "[Defendant] failed to authorize and permit 'ten-minute rest periods paid as separate hourly pay'" and that Defendant "further failed to provide compensation in lieu of rest periods not provided." Opp. at 8 (quoting Compl. at ¶¶ 47, 48). It further contends that a 100% violation rate is appropriate because Defendant allegedly "never paid any of the additional hours of wages with respect to rest periods . . . ." *See id.* (quoting Compl. at ¶ 53). Defendant then cites district court cases for the following propositions: (1) a 100% violation rate is proper when "the complaint does not allege a more precise calculation;" and (2) courts should accept as true a defendant's assumption of a 100% violation rate if a plaintiff does not submit evidence to rebut that assumption. Opp. at 8 (quoting *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149–50 (C.D. Cal. 2010)), 9 (citing *Roa v. TS Staffing Servs., Inc.*, 2015 WL 300413 (C.D. Cal. January 22, 2015)). But the Ninth Circuit recently held that:

> Because the complaint does not allege that [Defendant] universally, on each and every shift, violate[d] labor laws by not giving rest and meal breaks, [Defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions. While it is true that the complaint alleges that [Defendant] maintains "an institutionalized unwritten policy that mandates" the employment violations alleged in the complaint, including the denial of meal and rest periods, this does not mean that such violations occurred in each and every shift.

*Ibarra*, 775 F.3d at 1198–99 ("[A] 'pattern and practice' of doing something does not necessarily mean *always* doing something. . . .").

This case is akin to *Ibarra*. There, the defendant-employer assumed a 100% violation rate to determine meal and rest period penalties because the operative complaint alleged that the employer had "a 'pattern or practice of failing to pay [its] Non-Exempt employees for working

UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 5 of 8 |

off-the-clock,' and that [the employer] '[hid] behind written policies that purport to forbid these unlawful labor practices while at the same time maintaining an institutionalized unwritten policy that mandates these unlawful practices.'" *See id.* at 1198. The Ninth Circuit rejected this assumption as "not grounded in real evidence." *Id.* at 1199.

Like the plaintiff in *Ibarra*, Plaintiff alleges that Defendant had "a uniform and systematic policy" of "failing to authorize and permit ten-minute rest periods," but the Complaint does not clarify the frequency of these violations. *See* Compl. at ¶ 48. Nor does Defendant show that it is more likely than not that these alleged practices deprived employees of rest periods on *each and every shift* within the putative class period.

Accordingly, Defendant's decision to use a 100% violation rate to calculate the putative class's monetary recovery for its rest period claims is "not grounded in real evidence." *See Ibarra*, 775 F.3d at 1199. Defendants' failure to adequately demonstrate the 100% violation rate calls into question the reliability of its estimate that Plaintiff's rest break claims are worth $2,466,001.00. *See* Opp. at 13.

### 2. Defendant Improperly Assumes a 25% Benchmark Rate for Attorneys' Fees

Defendant also contends that it is proper to assume a 25% benchmark rate for attorneys' fees when establishing the amount in controversy. Opp. at 13 n.3 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) and *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). These cases stand for the proposition that 25% of the total award of is a reasonable attorneys' fees benchmark in class action cases involving a common settlement fund. *See Hanlon*, 150 F.3d at 1029; *Six (6) Mexican Workers*, 904 F.2d at 1311. Recently, however, the Ninth Circuit distinguished between determining a reasonable award of attorneys' fees drawn from a common fund and determining attorneys' fees to establish the amount in controversy on a motion to remand. The Ninth Circuit explained the distinction in the following way:

> [W]e reject Swift's argument that we should hold that, as a matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery. . . . [I]n common fund cases, we have estimated reasonable attorneys' fees to be 25 percent of the total recovery. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Such a *per se* equitable rule is inapplicable in this context, however . . . . [T]he defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence; we may not relieve the defendant of its

UNITED STATES DISTRICT COURT　　JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 6 of 8 |

evidentiary burden by adopting a *per se* rule for one element of the amount at stake in the underlying litigation.

*Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 796 (9th Cir. 2018).

In light of *Fritsch*, Defendant's reliance on *Hanlon* and *Six (6) Mexican Workers* does it no good. Defendant's argument in favor of a 25% benchmark fee award does not prove by a preponderance of the evidence its contention that the putative class would recover $798,120.56 in attorneys' fees.

Defendants estimate that the combined value of the rest break claims and attorneys' fees is $3,264,121.56. That amount is roughly 51% of Defendant's total estimated amount in controversy. Since Defendant has failed to adequately establish a basis for such a substantial portion of the $6,456,603.84 value it assigns to the case for CAFA jurisdiction purposes, the Court cannot conclude that it has satisfied CAFA's jurisdictional minimum by a preponderance of the evidence.

**B.　Traditional Diversity Jurisdiction**

The parties' dispute regarding the amount in controversy for traditional diversity jurisdiction centers on two categories of awards that Plaintiff may be able to recover if he succeeds: (1) penalties recoverable under PAGA, and (2) attorneys' fees. The Court discusses each in turn.

**1.　PAGA Penalties**

Plaintiff argues that the Court, when determining the amount in controversy, cannot consider any of the penalties available under PAGA because PAGA does not provide for individual claims. MTR at 3. It is true that PAGA plaintiffs bring their causes of action "as the proxy or agent of the state's labor law enforcement agencies," and not on their own behalf. *Reyes v. Macy's, Inc.*, 202 Cal. App. 4th 1119, 1123 (2011). But PAGA plaintiffs' "proxy" role has not prevented courts from considering their personal share of a potential recovery in determining the amount in controversy for jurisdictional purposes. *See Urbino*, 726 F.3d at 1122–23 (9th Cir. 2013) (holding that PAGA defendants may not *aggregate* all potential plaintiffs' recovery for amount in controversy purposes in order to remove actions to federal court, but assuming, without explicitly deciding, that courts can consider plaintiffs' individual recoveries); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1120 n.1 (9th Cir. 2014)

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 7 of 8 |

(holding that PAGA plaintiff did not satisfy the amount in controversy requirement when his "portion of any recovery (including fees) would be less than $75,000").

Therefore, assuming that the Court can aggregate Plaintiff's own portion of the Labor Code and PAGA claims for diversity jurisdiction purposes, and adopting Defendant's estimates of the values of those claims, Plaintiff's total amount in controversy would be $52,510.76. Opp. at 24. Even using that figure, however, Defendant has not shown by a preponderance of the evidence that Plaintiff's potential attorneys' fees recovery—the final piece of the amount in controversy puzzle—push the amount in controversy past the $75,000 threshold.

### 2. Attorneys' Fees

Assuming Plaintiff's claims place $52,510.76 in controversy, he would have to recover at least $22,489.25 in attorneys' fees to reach a total of $75,000.01. Opp. at 24. Defendant adopts Plaintiff's counsel's estimates that its firm will charge a blended rate of $600 per hour for approximately 300-500 hours of work on this case. *Id.* at 24-25, 25 n.13. Using those figures, Defendant calculates that Plaintiff's counsel need only spend "38 hours prosecuting Plaintiff's individual claims in this case" to reach $22,800 in attorneys' fees ($600 x 38 = $22,800). Defendant also notes that 38 hours would be 7.6%-12.6% of the total hours Plaintiff's counsel estimates it will work on the case. That math is correct, but it does not prove what Defendant needs it to.

The assumption that Plaintiff's counsel will spend 7.6%-12.6% of its time working on Plaintiff's individual claims, means that Plaintiff's putative class would consist of only 8-13 members.[2] Assuming that Plaintiff's putative class has at most 13 members would fall far short

---

[2] For purposes of traditional jurisdiction in class action cases, the Ninth Circuit has indicated that courts should calculate attorney's fees for amount in controversy purposes on a per-class-member basis. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). More recently, the Ninth Circuit held that in class action cases where the putative class seeks attorney's fees pursuant to a statute that permits any "successful" or prevailing party to recover attorney's fees (as opposed to a statute that limits the fees recovery to "representative parties" only), recoverable attorney's fees "cannot be allocated solely to [named] plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). The attorney's fees statutes at issue in this case all fit that bill. *See* Cal. Lab. Code §§ 218.5, 1194, 1404, 2699(g)(1); Cal. Civ. Code § 1021.5.

Courts have interpreted those holdings to mean that, in representative actions, like class actions and PAGA actions, courts should assess attorney's fees for jurisdictional purposes on a *pro rata* basis. *See Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1073 (N.D. Cal. 2018); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir. 2001) ("The standard approach to awards of attorney's fees in a class action context is to distribute them *pro rata* to all class

UNITED STATES DISTRICT COURT         JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 18-2206-DMG (SPx) | Date | March 18, 2019 |
|---|---|---|---|
| Title | *Richard Snow v. Watkins and Shepard Trucking, Inc.* | Page | 8 of 8 |

of Defendant's estimates of Plaintiff's putative class size elsewhere in its Opposition and supporting evidence. *See* Opp. at 11-12 (estimating at least 211 class members with respect to waiting time penalties); Holley-Gauthier Decl. at ¶ 4 (estimating either 179 or 211 potential class members).

Even if the potential class consisted of only 100 individuals, roughly half of Defendant's estimate, each class member would be responsible for 3-5 hours of attorneys' fees, or $1,800-$3,000. Therefore, assuming a 100-member class, if Plaintiff's counsel works the full 500 hours that he predicts the case could require, the fees attributable solely to Plaintiff would be $3,000. Thus, Plaintiff's amount in controversy, including attorneys' fees, would be $55,510.76. Since Defendant has proffered no evidence that Plaintiff's counsel will, in fact, spend more time on Plaintiff's claims than the rest of the class's claims, any argument to that effect would be based on "speculation and conjecture," upon which the Court cannot rely. *Ibarra*, 775 F.3d at 1197.

For the foregoing reasons, the Court concludes that Defendant has failed to submit sufficient evidence to overcome the "strong presumption against removal" premised on traditional diversity jurisdiction. *See Singer*, 116 F.3d at 377; *Gaus*, 980 F.2d at 566.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Remand is **GRANTED** and this case is hereby **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**

---

members, both named and unnamed.") (citing *Goldberg*, 678 F.2d at 1365); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) ("attorney's fees must be attributed pro rata among each member of the [class]"); *W.C. Motor Co. v. Talley*, 63 F. Supp. 3d 843, 851 (N.D. Ill. 2014) ("[A]ttorney fees must be divided pro rata among [the named plaintiff] and the absent class members to compute the amount in controversy.").